

Villanova University School of Law
Villanova University School of Law Digital Repository

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-15-2007

# Williams v. Wynder

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2682

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Williams v. Wynder" (2007). *2007 Decisions*. Paper 1108.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1108

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-2682
_____

KYLE A. WILLIAMS,

Appellant

v.

JAMES WYNDER;
THE ATTORNEY GENERAL OF THE
STATE OF PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 05-cv-00892
(Honorable James M. Munley)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 26, 2007

Before: SCIRICA, *Chief Judge,* FUENTES, and ALARCÓN,[*] *Circuit Judges.*

(Filed May 15, 2007)
_____

OPINION OF THE COURT
_____

ALARCÓN, *Circuit Judge*.

_____

[*]The Honorable Arthur L. Alarcón, Senior Judge of the United States Court of
Appeals for the Ninth Circuit, sitting by designation.

Kyle A. Williams appeals from the District Court's order dismissing his *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 for failure to exhaust his state remedies. Mr. Williams's habeas petition asserted that the Pennsylvania Board of Probation and Parole (the "Parole Board") violated his constitutional rights by failing adequately to notify him that it was revoking his parole, and failing to award him certain credits for time spent in custody. He argues in this appeal that the District Court erroneously dismissed his petition on the ground that he failed to seek allowance of appeal from the Commonwealth Court's adverse decision to the Pennsylvania Supreme Court. We will affirm because the record shows that he failed to exhaust his state court remedies.

**I**

Mr. Williams initially sought administrative review of his claims by filing an appeal to the Parole Board. The Parole Board denied his appeal on May 26, 2004. He then filed a Petition for Review with the Pennsylvania Commonwealth Court. That court affirmed the Parole Board in a memorandum opinion filed January 3, 2005. Mr. Williams did not file a petition for allowance of appeal in the Pennsylvania Supreme Court, or seek any further state court relief.

Mr. Williams then filed his federal habeas corpus petition in the United States District Court for the Middle District of Pennsylvania. On May 19, 2005, before the Defendants were served with process, the District Court issued an order summarily dismissing Mr. Williams's claims under Rule 4 of the Rules Governing Section 2254

2

Cases in the United States District Courts, for "failure to exhaust state court remedies." (Appx. 3a.) The District Court reasoned that "[i]t is clear that Williams has not exhausted his claims in that he failed to file a petition for allowance of appeal in the Pennsylvania Supreme Court. Further, there is no indication that such a petition would not be accepted by the Pennsylvania Supreme Court." (Appx. 6a.) Mr. Williams timely appealed from the District Court's order to this Court.

## II

The Pennsylvania Supreme Court issued the following order on May 9, 2000:

[W]e hereby recognize that the Superior Court of Pennsylvania reviews criminal as well as civil appeals. Further, review of a final order of the Superior Court is not a matter of right, but of sound judicial discretion, and an appeal to this court will be allowed only when there are special and important reasons therefor. Pa. R.A.P. 1114. Further, we hereby recognize that criminal and post-conviction relief litigants have petitioned and do routinely petition this Court for allowance of appeal upon the Superior Court's denial of relief in order to exhaust all available state remedies for purposes of federal habeas corpus relief.

In recognition of the above, we hereby declare that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error. When a claim has been presented to the Superior Court, or to the Supreme Court of Pennsylvania, and relief has been denied in a final order, the litigant shall be deemed to have exhausted all available state remedies for purposes of federal habeas corpus relief. This Order shall be effective immediately.

*In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000) ("Order 218").

3

This Court stated in *Lambert v. Blackwell*, 387 F.3d 210 (3d Cir. 2004) that "Order No. 218 renders review from the Pennsylvania Supreme Court 'unavailable' for purposes of exhausting state court remedies under § 2254(c)." *Id.* at 233.

Mr. Williams argues that, under Order 218 and *Lambert*, he was not required to seek allowance of appeal from the Commonwealth Court to the Pennsylvania Supreme Court to exhaust his state court remedies. He contends that, "[w]hile this Court has yet to say specifically that Order No. 218 encompasses decisions of the Commonwealth Court as well as decisions of the Superior Court relating to criminal convictions or post-conviction relief appeals to the Superior Court, it is clear that *Lambert v. Blackwell* . . . extends Order No. 218 to review of all cases by the Pennsylvania Supreme Court." (Appellant's Br. 12.) He further asserts that Rule 1114 of the Pennsylvania Rules of Appellate Procedure, which forms part of the Pennsylvania Supreme Court's rationale in Order 218, applies equally to orders of the Commonwealth Court and the Superior Court. *Id.* at 13. The Attorney General, in an amicus curiae brief,[1] argues that Order No. 218 expressly applies only to appeals from the Superior Court that result from criminal convictions or the denial of post-conviction relief.

"In construing state law, 'we must determine how the highest court of the State would decide an issue.'" *Warriner v. Stanton*, 475 F.3d 497, 505 n.5 (3d Cir. 2007)

---

[1] The Attorney General filed an amicus curiae brief, instead of an Answer Brief, because the District Court dismissed Mr. Williams's petition before the Commonwealth Defendants were served with process.

(quoting *Comm'r of Internal Revenue v. Estate of Bosch*, 387 U.S. 456, 464-65 (1967)). Under Pennsylvania law, "the rules of statutory construction apply to regulations as well as to statutes." *Pa. State Police, Bureau of Liquor Control Enforcement v. Benny Enters., Inc.*, 669 A.2d 1018, 1021 (Pa. Commw. Ct. 1995) (citing *Fraternal Order of Police Lodge No. 5 v. City of Philadelphia*, 590 A.2d 384 (Pa. Commw. Ct. 1991)). Order 218 is analogous to a regulation, because the Pennsylvania Constitution empowers the Pennsylvania Supreme Court "to prescribe general rules governing practice, procedure and the conduct of all courts . . ." and "to provide for assignment and reassignment of classes of actions or classes of appeals among the several courts as the needs of justice shall require . . .," PA. CONST. art. V, § 10(c), and because "the administrative directives of [the Pennsylvania Supreme] Court have the full force and effect of 'rules,' as described in Art. V § 10 of the Pennsylvania Constitution." *See Snyder v. Commonwealth of Pa., Unemployment Compensation Bd. of Review*, 502 A.2d 1232, 1234 (Pa. 1985) (concluding that a statutory provision was suspended to the extent it conflicted with a Pennsylvania Supreme Court administrative directive forbidding court employees from engaging in partisan political activity). In construing Order 218, therefore, we must look to the canons and rules of statutory construction applicable under Pennsylvania law.

The Pennsylvania Statutory Construction Act, 1 PA. CONS. STAT. ANN. § 1501 *et seq*. (2007), provides that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 PA. CONS. STAT. ANN. § 1921(a) (2007). "[A] statute's plain language generally provides the best

5

indication of legislative intent." *McGrory v. Commonwealth of Pa., Dep't of Transp.*, 915 A.2d 1155, 1158 (Pa. 2007). "We will resort to other considerations to discern legislative intent only when the words of the statute are not explicit." *Id.* (citing 1 PA. CONS. STAT. ANN. § 1921(c)).

Order 218's plain language encompasses only "adverse decision[s] by the Superior Court" and "appeals from criminal convictions or post-conviction relief matters." It does not mention appeals from the Commonwealth Court, or appeals from decisions regarding the Parole Board's computation of imprisonment time or denial of rights in the context of parole revocation. The Supreme Court's inclusion of one thing in Order 218 implies the exclusion of other things not mentioned. *See Commonwealth of Pa. v. Ostrosky*, 866 A.2d 423, 430 (Pa. Super. 2005), *aff'd*, 909 A.2d 1224 (Pa. 2006) ("The maxim, *expressio unius est exclusio alterius*, 'establishes the inference that, where certain things are designated in a statute, all omissions should be understood as exclusions.'" (quoting *Commonwealth of Pa. v. Charles*, 411 A.2d 527, 530 (Pa. Super. 1979))). Consequently, Order 218's plain meaning excludes appeals from decisions, such as the one in this case, issued by the Commonwealth Court and involving challenges to actions by the Parole Board.

Mr. Williams argues that "there is no doubt that the Pennsylvania Supreme Court, should it be called upon to clarify Order No. 218, would include reviews from the Commonwealth Court within [the order's] ambit." (Appellant's Br. 13.) As support for this argument, Mr. Williams states that "[h]istorically, the Superior Court and the

6

Commonwealth Court were a single court" and that "Pa. [Rule of Appellate Procedure] 1114 . . . which . . . is specifically referenced in Order 218, expressly applies to final orders of the Commonwealth Court as well as the Superior Court." *Id.* That argument is unavailing, however, because neither the origin of the Commonwealth Court nor the scope of Rule 1114 has any bearing on Order 218's plain meaning.

Mr. Williams's contention might, alternatively, be construed as an argument that Order 218's plain meaning should not be followed because it would produce absurd results given Rule 1114's equal applicability to appeals from "final order[s]" of the Commonwealth Court and the Superior Court. PA. R.A.P. 1114. *See Koken v. Reliance Ins. Co.*, 893 A.2d 70, 81 (Pa. 2006) ("[W]hen ascertaining the intent of the General Assembly . . . we presume that it 'does not intend a result that is absurd, impossible of execution or unreasonable.'") Following Order 218's plain meaning would not be absurd or unreasonable, however, because the Pennsylvania Supreme Court reasonably could have intended to restrict only the number of appeals it receives from Superior Court decisions regarding criminal convictions and post-conviction relief matters. Indeed, the Pennsylvania Supreme Court expressly stated in Order 218 that "criminal and post-conviction relief litigants have petitioned and do routinely petition this Court for allowance of appeal upon the Superior Court's denial of relief in order to exhaust all available state remedies for purposes of federal habeas corpus relief." Order 218 contains no comparable reference to routine filings of appeals from Commonwealth Court decisions in matters involving challenges to actions by the Parole Board. Mr. Williams

7

has failed to show that the routineness of the latter category of appeals is equivalent to that of the former category, so as to render the Supreme Court's apparent distinction between the two categories absurd or unreasonable.

Because Order 218 does not apply to appeals from Commonwealth Court decisions, or decisions in matters involving challenges to Parole Board actions, the District Court correctly held that Mr. Williams was required to exhaust his available state remedies by filing a petition for allowance of appeal in the Pennsylvania Supreme Court.

The time for Mr. Williams to file a petition for allowance of appeal to the Pennsylvania Supreme Court has now expired. PA. R.A.P. 1113(a) (30-day time limit after entry of the order of the Superior Court or Commonwealth Court sought to be reviewed). Mr. Williams consequently is time-barred under state law from seeking allocatur to the Pennsylvania Supreme Court, and his failure to seek allocatur is an adequate and independent state ground barring federal court review of his claims. *See Bronshtein v. Horn*, 404 F.3d 700, 707 (3d Cir. 2005) (a state law ground for a state court decision, "that is *independent* of the federal question and *adequate* to support the judgment[,]" precludes federal habeas court review of questions of federal law decided by the state court). He has not made a showing of cause or prejudice to excuse the default. Therefore, we will affirm the decision of the District Court.